STATE OF NORTH DAKOTA EX REL. JAMES MORRIS, Attorney-General of the State of North Dakota, Relator, v. R. G. McFARLAND and J. A. Coffey, Respondents.

(223 N. W. 936.)

Opinion filed March 2, 1929.

*James Morris,* Attorney General, for relator.

*John W. Carr* and *N. J. Bothne,* for respondent McFarland.

*M. C. Freerks, James M. Hanley,* and *E. B. Cox,* for respondent Coffey.

BIRDZELL, J. Upon the application of the attorney general, this court issued an order to show cause addressed to R. G. McFarland and J. A. Coffey, respondents, requiring them, respectively, to show cause why they should not be restrained and enjoined from exercising the functions and authority of judge of the district court of the fourth judicial district. It is unnecessary to recite the allegations of the petition or to refer to them further than to say it was made to appear that the defendants had been candidates in the last general election for the office of judge of the district court; that according to the state canvassing board McFarland had received more votes than Coffey and had received a certificate of election; that proceedings had thereafter been instituted by the defendant Coffey, in which it was asked that the nomination and election of McFarland be declared illegal, null and void and that such proceedings were still pending; that both of the defendants were at the time of the petition, February 1, 1929, purporting to act as judges of the fourth judicial district. The petition prayed the exercise by this court of its original jurisdiction and of its superintending control, and the issuance of an appropriate writ to the end that the public officials and the public generally may be advised as to who is legally in possession of the office. A hearing was had upon

the petition and the returns, the proceeding being consolidated for the purpose of argument. with the appeal in State ex rel. Coffey v. McFarland, ante, 708, 223 N. W. 931. Thereafter a writ was directed to issue, the court announcing its ruling as indicated in the syllabi of this opinion. The reasons for the ruling are now amplified by the opinion in the companion case of State ex rel. Coffey v. McFarland, supra.

Since there is no question involved in this case that is not considered in that opinion, it is unnecessary to say more here than that the facts stated. in the petition and shown. upon the hearing, for the reasons stated in State ex rel. Coffey v. McFarland, supra, require the issuance of a writ awarding possession of the office to the defendant holding the regular certificate of election. Such facts also call for the exercise of the superintending control of this court, to the end that any proceedings involving title to the office may be brought to as speedy a conclusion as is consistent with the public right and interest and with the gravity of the issues involved.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.